UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED

JUN 0 8 2007

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 06-10028 |
| | \* | |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION |
| | \* | |
| RONALD R. MARTEL, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant on June 5, 2007, employed attorney Richard Russman and Mr. Russman gave notice of his appearance on June 8 (Doc. 48). Mr. Russman also filed his affidavit and motion for continuance of the trial date on the same date (Doc. 47). There is no indication that these documents were served on attorneys Daugherty and Sommers who remain as counsel of record. All counsel of record in any case should always be served and that should be done here.

We also have pending a motion by attorneys Daugherty and Sommers (who have been representing defendant since the start of this case) for leave of court to withdraw. In the motion to withdraw, attorney Sommers sets forth, as follows: "This counsel transition was sought by Mr. Martel without any direct communication with this office and we became aware of this desired change via email from California counsel Tuesday, June 5, 2007." This court frankly takes a very dim view of the attorney from California talking with another attorney's client without the consent or the knowledge of the retained attorney. The client should be required to first discharge the original attorney. Mr. Martel has obviously not kept in proper contact with attorneys Daugherty and Sommers as he was required to do by the terms of his bond. In the 30 years I practiced law, I would never talk to a prospective client until the client had "made his peace" with the other attorney. That is not only common courtesy but a matter of legal ethics. Mr. Martel and

California counsel have interfered with the orderly process of this court's very busy trial schedule. It is fairly common knowledge that, in the last two years, I have tried 40% of all the cases tried in federal court. This is with five judges trying cases. The criminal case load is very heavy, given the demands of the Speedy Trial Act and the harshness of the Federal Sentencing Guidelines, prompting many Native Americans to stand trial.

It is common sense that the first questions any competent attorney would ask when considering whether to step into a case that has been pending as long as this case has would be: when is the case set for trial? What deadlines are coming up in the near future? Either Mr. Martel was not truthful with his new attorneys or they knew exactly what they were facing. In addition, had California counsel bothered to talk with Mr. Martel's present attorneys (instead of sending an e-mail announcing that he would be taking over the case), he would have learned of the urgency of the matter and the clear intentions of the court. He failed to do so at his peril. Had Mr. Martel bothered to talk with his present attorneys (something he has not done for at least the last 30 days), he would have learned immediately of the perils of hiring new attorneys on the eve of trial. He failed to do so at his peril. He and the California attorney have been the sole cause of any problems they now have.

It is important to set forth the history of this case. This defendant was indicted on August 24, 2006. An Order Fixing Dates was entered on September 6, 2006, setting this case for trial on October 17. The defendant moved for a continuance. The motion was granted and the new trial date was December 19. The government next moved for a continuance and I granted that motion, setting a new trial date of January 23, 2007. A second motion for a continuance was made by the defendant on December 7. I granted that motion and the new trial date was March 20, 2007. On February 21, 2007, the defendant made a third motion for a continuance. The government opposed the motion. I sent a memo (Doc. 33) to counsel, clearly stating that I did not want to continue this case into the summer of 2007 and pointing out that defendant had two attorneys working on

2

the case, a fact which should make trial preparation much easier.  Defendant responded, stating that the defense needed to employ a DNA expert.  Whether the defendant has ever retained a DNA expert is unknown to the court.  We do know that he has not furnished a copy of any report from such an expert (as he is required to do if he has an expert).  I reluctantly granted the motion for a fourth continuance, setting the trial date for June 26. I later entered an amended order to change the trial date to June 15, the present date for jury selection only.  All concerned had a very early warning that this case would not again be continued.

In a memo (Doc. 38), I advised counsel and the defendant that we would be selecting the jury on June 15 with the jury to report back on June 25.  I heard no complaints and received no response from any attorney.

On May 15, 2007, I sent a memo to counsel (Doc. 36) (which I assume was sent to the defendant by his attorneys), stating: **"Martel has already had four continuances and that case will not again be continued."**  How could I state my intentions more clearly?  Thus, Mr. Martel knew full well when he made the decision to employ a different attorney in early June that the case would not again be continued.  AUSA Wright sent a memo on May 18, advising that he had talked with one of Mr. Martel's attorneys, Ms. Daugherty, who advised that the case would be tried as scheduled.  This would tell me that Mr. Martel's present attorneys are fully prepared for trial and planned to try the case as scheduled.  AUSA Wright also stated: "I appreciate the comments in your memo that the case will not be continued again, and the government will be prepared to try that case that week or any other time you schedule."  A copy of this was sent to Ms. Daugherty and would have been a further alert as to what was going to happen with the trial date.  Again, I assume Ms. Daugherty forwarded a copy of this memo to her client.

I sent a memo to counsel (Doc. 42) expressing my dissatisfaction with the conduct of the defendant.  I directed that a copy of that memo be sent to California counsel and I assume that was done.

On June 6, 2007, prior to Mr. Russman's formal notice of appearance, I advised all attorneys to be prepared for the ruling of the court that, assuming a motion to continue was filed, no further continuance would be granted. See Doc. 44. In other words, I told counsel that I would be following the exact course which I promised in my memo of May 15 and in my earlier warnings to the defendant and to counsel. A new lawyer proceeds at his peril in agreeing to represent someone under all the circumstances here present. Did California counsel presume that I did not mean what I said? He should not have agreed to represent the defendant if he knew that he could not be prepared for trial as scheduled.

The defendant is playing fast and loose with the court. This will not be permitted. It makes no difference to me, of course, who represents Mr. Martel. This case will be tried without any further delay. Because of the court's heavy trial schedule, it would be impossible to try this case until October if the fifth motion for a continuance were to be granted. The rights of the public to a speedy trial would be violated.

A district court is "afforded broad discretion when ruling on a request for a continuance. Continuances are generally disfavored and should be granted only if the moving party has shown a compelling reason. We will reverse a district court's denial of a continuance only if the court abused its discretion and the moving party was prejudiced as a result. *United States v. Controneo*, 89 F. 3d 510, 514 (8th Cir. 1996)." United States v. Wilcox, _____ F.3d _____, 2007 WL 1531812 (8th Cir. 2007).

The interests of justice require that the motion for a continuance be denied. No compelling reason has been shown by the defendant. The motion of the present attorneys for the defendant to withdraw should also be denied.

The government has also filed motions in limine (Doc. 41). The motions at numbered paragraphs 1, 2, 3, 4, 5, 6, 8 (as to both sides), 9, 10, and 11 should be granted. The motion at numbered paragraph 7 should be denied as premature and speculative.

The government has also filed a motion for discovery of any expert (Doc. 46). Such motion should be granted and the defendant should be required to comply with the

4

Federal Rules of Criminal Procedure.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion for a continuance (Doc. 47) is denied.

2) The motion for leave to withdraw (Doc. 43) is denied.

3) As to the government's motions in limine (Doc. 41), the motions at numbered paragraphs 1, 2, 3, 4, 5, 6, 8 (as to both sides), 9, 10, and 11 are granted.  The motion at numbered paragraph 7 is denied as premature and speculative.

4) The government's motion for discovery of any expert (Doc. 46) is granted and the defendant shall forthwith comply with the Federal Rules of Criminal Procedure dealing with experts and reports from experts.

Dated this _8th_ day of June, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ DEPUTY
(SEAL)

5